# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-40416
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN MATTHEW COCKRELL,

Defendant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CV-175

————

Before DAVIS, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

John Matthew Cockrell, federal prisoner # 34574-077, was convicted of conspiracy to possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, which resulted in serious bodily injury. After the district court denied Cockrell's 28 U.S.C. § 2255 motion, a certificate of appealability (COA) was granted on several issues: (1) whether Cockrell was convicted based on insufficient evidence or a non-

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

existent offense in light of *Burrage v. United States*, 571 U.S. 204 (2014); (2) whether the district court erred by finding sufficient evidence to establish serious bodily injury under a "but-for" standard; (3) whether the jury made a drug quantity finding that would result in the sentence imposed being within the correct statutory range; and (4) whether Cockrell's claims were procedurally defaulted because they had not been raised on direct appeal.

In an appeal of the denial of a § 2255 motion, we conduct a de novo review of the district court's legal determinations and review its factual findings for clear error. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). We review "sufficiency-of-the-evidence challenges to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002) (internal quotation marks and footnote omitted).

In *Burrage*, the Court held that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage*, 571 U.S. at 218-19. The Court explained that conduct may constitute a but-for cause "if the predicate act combines with other factors to produce the result, so long as the other factors alone would not have done so – if, so to speak, it was the straw that broke the camel's back." *Id.* We have held that *Burrage* applies retroactively to cases on collateral review. *Santillana v. Upton*, 846 F.3d 779, 784 (5th Cir. 2017).

As the district court found, two victims in Cockrell's case became unconscious shortly after injecting heroin from Cockrell, there was not any significant time lapse that might have attenuated the effect of the heroin, and medical personnel testified that the victims immediately responded to the

administration of Narcan, which only counteracts the effect of opiate drugs such as heroin. In his brief, Cockrell focuses on the absence of expert medical testimony and the lack of medical testing of the victims, which he asserts would have demonstrated that the victims also were using other drugs. He argues that the Government's witnesses were never asked if heroin alone could have caused the victims' overdoses, which would have established whether the heroin was the but-for cause of the overdoses.

Cockrell has misinterpreted the requirement for but-for causation set forth in *Burrage*. The Court explained that, even if other factors have some role in causing the result, the defendant's conduct will be a but-for cause if the result in question would not have happened without such conduct. *See Burrage*, 571 U.S. at 211. Thus, even if there was evidence that the victims had used or were using other drugs or alcohol, so long as those other drugs or alcohol alone would not have triggered an overdose, a showing that the heroin triggered the victims' overdoses is sufficient. In the instant case, there was ample evidence that the victims overdosed shortly after using heroin provided by Cockrell and that they recovered after being given Narcan. We conclude that a rational trier of fact could have found that Cockrell's heroin triggered the victims' overdoses and, thus, that it was the but-for cause.

Therefore, we conclude Cockrell was not convicted of a non-existent offense and the evidence was sufficient under a "but-for" standard of causation. We find it unnecessary to address the remaining COA issues.

AFFIRMED.